MAZZOLA LINDSTROM LLP
Aimée Scala (SBN 302944)
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Tel: (323) 208-9774
Email: aimee@mazzolalindstrom.com

*Attorneys for SME Service LLC, Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SME SERVICE LLC, | Civil Action No. 3:25-cv-06209 |
| *Plaintiff,* | **COMPLAINT** |
| v. | 1) Breach of Contract |
| SOLARJUICE AMERICAN INC., | 2) Account Stated |
| *Defendant.* | **DEMAND FOR JURY TRIAL** |

Plaintiff SME Service LLC ("SME"), by and through its undersigned attorneys, alleges as follows for its complaint against defendant SolarJuice American Inc. ("SolarJuice"):

**Nature of Action**

1. This is an action to recover moneys contractually owed for consulting services provided by SME to SolarJuice, for which SolarJuice has failed to pay, despite having made no complaint as to the quality of such services, which have in fact been provided.

**Parties**

2. At all material times, SME was and is a limited liability company engaged in providing consulting services to businesses.

3. SME was organized in Delaware, and its principal place of business is 36-26 Main Street, 2X, Flushing, New York. As SME is a limited liability company, its state of registration is not germane to the question whether diversity jurisdiction exists.[1]

4. Rather, to determine whether there is diversity jurisdiction, the Court must look at SME's members, whether individuals or companies, and their states of residence, which are as follows:

    a. SME Member Yuan (Alex) Ye – Domiciliary of Quincy, Massachusetts.

    b. SME Member Susanna Shao – Domiciliary of Bayside, New York.

5. SME has no other members.

6. At all material times, SolarJuice was and is a corporation organized in Delaware, with its principal place of business in Livermore, California, in the Northern District of California.

7. Though both SME and SolarJuice were organized in Delaware, there is nonetheless diversity jurisdiction because SME's members – Yuan (Alex) Ye and Susanna Shao – are neither domiciliaries of Delaware or California.

**Jurisdiction**

8. This court possesses diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as there is diversity between SME, a citizen of Massachusetts and New York (by virtue

---

[1] *See Johnson v. Columbia Properties Anchorage, LP*, 437 F. 3d 894 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. This treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations. . . . We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") (citations omitted).

of Yuan (Alex) Ye's and Susanna Shao's respective domiciles) and SolarJuice is a citizen of both Delaware and California, and the amount in controversy exceeds $75,000.

### Divisional Assignment

9. At all material times, SolarJuice was and is a corporation organized in Delaware, with its principal place of business in Livermore, County of Alameda, California. Accordingly, this civil action shall be assigned to the San Francisco Division or the Oakland Division pursuant to Civil L.R. 3-2(c). Therefore, San Francisco Division is proper.

### Venue

10. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(1) as SolarJuice's principal place of business is in the Northern District of California.

### First Cause of Action: Breach of Contract

1. On January 6, 2023, SME and SolarJuice, by mutual agreement, executed and thereby entered into a Consulting Service Agreement ("Agreement").

2. The Agreement became effective on the same date.

3. The Agreement is attached to this complaint as **Exhibit A**.

4. Pursuant to the Agreement, SME was to provide consulting services to SolarJuice, including by helping SolarJuice with an employee credit retention application (Exhibit A ¶ 2.1), in exchange for money payment from SolarJuice. (*Id*., ¶ 3.1).

5. SME performed the services that it had agreed to pursuant to the Agreement.

6. SolarJuice did not complain about the services SME provided, and accepted the benefit of those services.

7. On June 19, 2023, SME invoiced SolarJuice for its services via regular mail, in the total amount of $414,085.45. This invoice is attached to this complaint as **Exhibit B.**

8.      Pursuant to the Agreement, SolarJuice was obligated to pay SME within thirty days after the invoice date. (Exhibit A ¶ 3.2).[2]

9.      SolarJuice failed to pay the invoice.

10.     As of July 19, 2023, SolarJuice was therefore in default.

11.     Under the Agreement, SME is entitled to interest at the rate of 5% per month compounded, or the maximum allowed by law.[3]

12.     The Agreement is governed by Delaware law. Exhibit A ¶ 7.1.

13.     As the defendant is a corporation, the monthly interest rates of 5% due to non-payment is valid and enforceable, under Delaware law. *See, e.g.*, *Asset Funding Assocs. v. Kinch*, No. 89C-JA-180, 1990 Del. Super. LEXIS 108 (Super. Ct. Mar. 29, 1990):

> [The lease provides that] [w]henever any lease payment or other payment due hereunder is not paid within ten (10) days of when due, Lessee shall pay Lessor interest on such past due amount at the rate of five percent (5%) per month. Such interest shall be payable in addition to all amounts payable by Lessee as a result of Lessor's exercise of any of the remedies hereinafter provided. … [¶]
>
> As indicated above, the Defendants also argue that the five percent charge claimed as due by the Plaintiff on the seventeen past due installments is usurious and amounts to a penalty clause. They further argue that full disclosure of that provision should have been made to them, and impliedly suggest that the failure to do so is another reason for not allowing the Plaintiff to collect that charge. Unfortunately for the Defendants, this Court does not agree. First, no authority is cited for either proposition. Second, Defendant Sonmark cannot claim that the charge was usurious and expect relief **in that 6 *Del. C.* § 2306 specifically**

---

[2] As there is a conflict between the 30-day default in paragraph 3.2 and the 21 days in paragraph 3.3, SolarJuice is given the benefit of the 30-day default provision in this complaint, rather than 21 days, and the interest is calculated as of the thirtieth day, rather than the twenty-first.

[3] "**3.3 Overdue Invoices.** In addition to any other remedy available to Company for late payments, Client will be obligated to pay Company interest for fees and charges not paid within twenty-one (21) days after the invoice date **at the compounded rate of five percent (5%) per month or the maximum allowed by law**, whichever is less for each month (or partial month), calculated from the date such payment was due until the date paid. If Client elects to discontinue the Services and does not pay the outstanding fees and charges in full within twenty-one (21) days of such election, Client will continue to be charged interest until the balance is paid in full. Client will be responsible for any costs, including attorney's fees, incurred by Company in collecting any past due amounts under this Agreement." (Emphasis added).

**prohibits a corporation from interposing usury as a defense in any action**. (Emphasis added).

14. For its failure to pay on time, SolarJuice incurred additional monetary penalties under the Agreement. Exhibit A ¶ 3.3.

15. On August 19, 2024, SME invoiced SolarJuice for its work, in the total amount of $662,536.72, with $414,085.45 for outstanding service fees and $248,451.27 then due in late payment and interest as per the Agreement. This invoice is attached to this complaint as **Exhibit C.**

16. SolarJuice has not made any payment.

17. SME has repeatedly made demand for payment throughout 2023 and 2024.

18. SolarJuice has failed to pay the outstanding amount due.

19. SolarJuice has breached its contractual obligation to pay SME for the services provided to it.

20. As a result of SolarJuice's breach, SME has been harmed as it has not received payment due for services rendered.

21. SolarJuice's breach was a substantial factor in causing SME's harm.

22. As of the date of the filing of this complaint, the total due, inclusive of 5% monthly compounding interest, is $1,335,466.96, and SME demands payment therefor, plus costs and attorneys' fees, which are also recoverable under the Agreement.

**Second Cause of Action: Account Stated**

23. SME repeats and re-alleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

24. SolarJuice expressly agreed to purchase the aforesaid services from SME.

25. SolarJuice agreed to pay the amount specified in the invoices for the aforesaid services.

26. SME performed the aforesaid services.

27. SME presented the account stated by sending the invoices to SolarJuice, this account stated constituting the bills for the services performed.

28. SME's invoices were correct and accurate, as they reflected the dollar amounts for which SolarJuice agreed to pay for SME's services pursuant to the parties' agreement.

29. SolarJuice received the invoices from SME as bills for the services performed, without material objection to the existence of the debt, thereby agreeing that the amount that SME claimed was due was the correct amount owed.

30. SolarJuice retained the invoices without material objection as to the stated debt amounts contained therein.

31. Pursuant to the terms of the parties' agreement, SolarJuice promised to pay the amount SME claimed was due.

32. By not materially objecting to the amount that SME claimed was due, SolarJuice promised to pay the stated amount to SME.

33. Therefore, SolarJuice has acceded to the amount and validity of the debt.

34. Therefore, an account was stated between SME and SolarJuice.

35. SolarJuice has failed to remit payment to SME of any portion of the debt although it has been in possession of the invoices beyond a reasonable amount of time past their due dates.

36. Although SME made multiple written demands for payment of the amount due on the account stated, SolarJuice has remained delinquent in providing payment.

37. SolarJuice has thus failed to pay the debt that was properly billed, pursuant to the invoices which were timely sent in due course for the purchase of the services that SME performed and for which SolarJuice received the benefit.

38. As of the date of the filing of this complaint, the total due, inclusive of 5% monthly compounding interest is $1,335,466.96, and SME demands payment therefor, plus costs and attorneys' fees, which are also recoverable under the Agreement.

### Prayer for Relief

WHEREFORE, plaintiff SME Service LLC demands judgment against defendant SolarJuice American Inc. for the principal amount of sum of $414,085.45, plus 5% monthly interest (compounded), as measured from the date of default, July 19, 2023 ($1,335,466.96 in total as of the date of filing), plus the costs of this action and reasonable attorney's fees and such other and further relief as this Court deems just and proper.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues.

DATED:   July 23, 2025

**MAZZOLA LINDSTROM LLP**

By: _/s/ Aimée Scala_
Aimée Scala (SBN 302944)

2121 Avenue of the Stars, Suite 800
Los Angeles, CA  90067
Tel: (323) 208-9774 8525
Email:aimee@mazzolalindstrom.com

*Attorneys for SME Service LLC, Plaintiff*