MAZZOLA LINDSTROM LLP
Aimée Scala (SBN 302944)
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Tel: (323) 208-9774
Email: aimee@mazzolalindstrom.com

*Attorneys for SME Service LLC, Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SME SERVICE LLC,<br><br>     *Plaintiff,*<br><br>  v.<br><br>SOLARJUICE AMERICAN INC.,<br><br>     *Defendant.* | Civil Action No. 3:25-cv-06209-PHK<br><br>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Complaint Filed: July 23, 2025<br>Trial Date: None<br><br>[Assigned to the Hon. Peter H. Kang]<br><br>Date: March 5, 2026<br>Time: 1:30 a.m.<br>Courtroom: F |

1

TO THE HONORABLE COURT AND THE DEFENDANT:

PLEASE TAKE NOTICE that on March 5, 2026, at 1:30 a.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Northern District of California, San Francisco Division, in Courtroom F, the Honorable Peter H. Kang presiding, Plaintiff SME Service LLC ("Plaintiff" or "SME"), by and through its attorneys of record, will, and hereby does, move for an entry of default judgment pursuant to Federal Rules of Civil Procedure Rule 55, Defendant SolarJuice American Inc. ("Defendant" or "SolarJuice"). Plaintiff shall rely on its Motion for Default Judgment, Memorandum of Points and Authorities in Support, the accompanying declaration of attorney Aimee Scala and supporting evidence, the clerk's entry of default, docketed on October 15, 2025 herein (Docket Entry 11), the complaint (ECF 1), and all of the other relevant papers and pleadings on file with the court in this matter.

PLEASE TAKE FURTHER NOTICE that Plaintiff for an order pursuant to Fed. R. Civ. P. 55 granting a default judgment against defendant SolarJuice American Inc., for (a) for $414,085.45; (b) attorneys' fees totaling $68,475, as of the date of the filing of this motion, or such amount as may be deemed reasonable by the court; (c) prejudgment interest at the agreed-upon contractual rate of 5% per month, measured from the date of default, June 19, 2023; and (d) such other and further relief as this court deems proper and just.

Dated: Los Angeles, California
January 24, 2026

**MAZZOLA LINDSTROM LLP**

By: _Aimée Scala_
Aimée Scala (SBN 302944)
2121 Avenue of the Stars, Suite 800
Los Angeles, CA  90067
Tel: (323) 208-9774
Email: aimee@mazzolalindstrom.com

*Attorneys for SME Service LLC, Plaintiff*

2

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**TABLE OF CONTENTS**

PAGE(s)

TABLE OF AUTHORITIES ...................................................................................................4

INTRODUCTION ...............................................................................................................5

PROCEDURAL HISTORY...................................................................................................5

ARGUMENT ....................................................................................................................6

I.  PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH CIRCUIT

FACTORS OUTLINED IN EITEL v. McCOOL ARE SATISFIED...........................................6

    A. Plaintiff Will Be Prejudiced If Default Judgment Is Not Entered…………………………6

    B. Plaintiff's Claims Are Meritorious and the Complaint States Valid Causes of Action……6

    C. The Sum of Money at Stake Is Reasonable and Proportional to the Harm………………..7

    D. There Is Minimal Possibility of Dispute Concerning Material Facts ................................7

    E. Defendant's Default Was Not Due to Excusable Neglect .....................................................7

    F. The Policy Favoring Decisions on the Merits Does Not Preclude Default Judgment……..8

II. THE COURT HAS SUBJECT MATTER JURISDICTION AND PERSONAL

JURISDICTION ................................................................................................................8

III. PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT FOR DAMAGES,

PREJUDGMENT INTEREST, ATTORNEYS' FEES, AND COSTS ......................................9

CONCLUSION................................................................................................................10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

# TABLE OF AUTHORITIES

PAGE(s)

**CASES**

*Eitel v. McCool*,

782 F.2d 1470 (9th Cir. 1986) ......................................................................................6-8

*Adobe Systems Inc. v. Kern,*

2009 WL 5218005 (N.D. Cal. Nov. 24, 2009) ............................................................. 6,8


*J & J Sports Productions, Inc. v. Coria,*

2015 WL1089044,  (N.D. Cal. Feb. 27, 2015)…………………………………………….7

*Danning v. Lavine,*

572 F.2d 1386  (9th Cir. 1978)...................................................................................9

*Fair Housing of Marin v. Combs*,

285 F.3d 899 (9th Cir. 2002) ......................................................................................9


**STATUTES AND RULES**

Fed. R. Civ. P. 55 (b)(2)..............................................................................................5

28 U.S.C. § 1332 (a) ...................................................................................................8

28 U.S.C. § 1391(b)……………………………………………………………………….8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**INTRODUCTION**

Plaintiff SME Service LLC ("Plaintiff" or "SME"), by and through its attorneys of record, submits this Memorandum of Points and Authorities in support of its Motion for Default Judgment against Defendant SolarJuice American Inc. ("Defendant" or "SolarJuice"), pursuant to Federal Rule of Civil Procedure 55(b)(2).

This action arises out of Defendant's failure to pay for consulting services rendered by SME pursuant to a Consulting Service Agreement entered into on January 6, 2023 (the "Agreement") (Dkt.1, Exhibit 1). SME performed the contracted services, invoiced Defendant, and Defendant accepted the benefit of those services but failed to pay.

Defendant was properly served but has failed to appear, answer, or otherwise defend. (Dkt. 9). The Clerk entered default against Defendant on October 15, 2025 (Dkt. 11). For the reasons set forth herein, and as supported by the Motion and declarations submitted concurrently, Plaintiff respectfully requests that default judgment be entered.

**PROCEDURAL HISTORY**

Plaintiff filed its Complaint on July 23, 2025 (Dkt. 1). Defendant was served on August 21, 2025 by personal service on its registered agent, Corporate Creations Network, Inc., at 1521 Concord Pike, Suite 201, Wilmington, Delaware 19803 (Dkt. 9).

Defendant failed to answer or otherwise respond, and Plaintiff requested entry of default (Dkt. 10). The Clerk entered default against Defendant on October 15, 2025 (Dkt. 11). Plaintiff now seeks entry of default judgment by the Court pursuant to Rule 55(b)(2).

**ARGUMENT**

**I.    PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL* ARE SATISFIED.**

The factors to be considered in ruling on a motion for default judgment are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, all well-pleaded facts in the complaint (Dkt. 1) are taken as true, except those relating to damages. The *Eitel* factors support entry of default judgment here.

**A. Plaintiff Will Be Prejudiced If Default Judgment Is Not Entered**

Plaintiff will be prejudiced if default judgment is not entered because it has sustained injury as a result of Defendant's breach and failure to pay amounts owed. Defendant's refusal to participate in this litigation leaves Plaintiff without other recourse to obtain recovery.

**B. Plaintiff's Claims Are Meritorious and the Complaint States Valid Causes of Action**

The second and third *Eitel* factors require that Plaintiff's allegations state a claim upon which it may recover. *Adobe Systems Inc. v. Kern*, 2009 WL 5218005, at *3 (N.D. Cal. Nov. 24, 2009) (internal quotation omitted). Here, Plaintiff's Complaint properly pleads claims for breach of contract and account stated (Dkt.1).

Breach of contract: Plaintiff alleges the existence of a valid contract (the "Agreement"), Plaintiff's performance, Defendant's breach by nonpayment, and resulting damages. The Agreement required Defendant to pay invoices within thirty (30) days after the invoice date. Defendant failed to pay the invoice in the amount of $414,085.45.

Account stated: Plaintiff also alleges that it sent invoices to Defendant reflecting amounts due, Defendant retained those invoices without objection, and Defendant failed to pay.

Accordingly, Plaintiff's well-pleaded allegations establish liability, and the second and third *Eitel* factors favor default judgment. *J & J Sports Productions, Inc. v. Coria,* 2015 WL1089044, at *3 (N.D. Cal. Feb. 27, 2015)("The merits of Plaintiff's claims stand uncontested and certainly the Complaint states a claim upon which relief may be granted.").

**C. The Sum of Money at Stake Is Reasonable and Proportional to the Harm**

The fourth *Eitel* factor considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks entry of judgment for the principal amount due under the Agreement and invoices, $414,085.45, plus contractual prejudgment interest, attorneys' fees, and costs.

This amount is not speculative and is directly tied to the services provided and the invoice issued to Defendant (Dkt.1-2, and Dkt. 1-3). This factor favors entry of default judgment.

**D. There Is Minimal Possibility of Dispute Concerning Material Facts**

The fifth factor is satisfied where the complaint is well-pleaded, and Defendant has failed to appear to dispute the allegations. Defendant has not contested the Agreement, the invoices, service, or the amounts due. The likelihood of genuine dispute is therefore minimal.

**E. Defendant's Default Was Not Due to Excusable Neglect**

There is no evidence that Defendant's failure to respond was due to excusable neglect. Defendant was properly served by personal service on its registered agent (Dkt.9). In addition, Plaintiff has served and notified Defendant's multiple principals via emails—the emails were delivered successfully. Despite proper service and ample time to respond, Defendant failed to appear or defend.

**F. The Policy Favoring Decisions on the Merits Does Not Preclude Default Judgment**

The final *Eitel* factor weighs against default judgment in most cases, as courts generally prefer to decide cases on the merits. However, Defendant's failure to answer makes a decision on the merits impractical, if not impossible. *Adobe Systems,* 2009 WL 5218005 at *6 (citation omitted). This factor does not outweigh the remaining factors supporting entry of default judgment. *Id*. Although public policy favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *5 (N.D. Cal.Feb. 3, 2020).

When all of the *Eitel* factors are considered, default judgment is appropriate.

7

## II.   THE COURT HAS SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse. Plaintiff SME Service LLC is a citizen of Massachusetts and New York (by virtue of Yuan (Alex) Ye's and Susanna Shao's respective domiciles) and Defendant SolarJuice American Inc. is a citizen of both Delaware and California, with its principal place of business in Livermore, California.

Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(1) as SolarJuice's principal place of business is in the Northern District of California.

## III.   PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT FOR DAMAGES, PREJUDGMENT INTEREST, ATTORNEYS' FEES, AND COSTS AS AGREED UPON

Defendant's default establishes Plaintiff's well-pleaded allegations of liability. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  However, Plaintiff must still prove damages. *Fair Housing of Marin*, 285 F.3d at 906.

Plaintiff's requested damages and relief are supported by the Agreement and invoices (Dkt. 1, Exhibits 1-3).

Plaintiff seeks entry of judgment against Defendant as follows:

1.   Compensatory damages: $414,085.45 (Dkt.1, Exhibit 2)

2.   Prejudgment interest: contractual rate of 5% per month on $414,085.45, measured from July 19, 2023 (Dkt. 1, Exhibit 1), which is enforceable under Delaware law.[1]

---

[1] As the defendant is a corporation, the monthly interest rates of 5% due to non-payment is valid and enforceable, under Delaware law. *See, e.g.*, *Asset Funding Assocs. v. Kinch,* No. 89C-JA-180, 1990 Del. Super. LEXIS 108 (Super. Ct. Mar. 29, 1990):

"[The lease provides that] [w]henever any lease payment or other payment due hereunder is not paid within ten (10) days of when due, Lessee shall pay Lessor interest on such past due amount at the rate of five percent (5%) per month. Such interest shall be payable in addition to all amounts payable by Lessee as a result of Lessor's exercise of any of the remedies hereinafter provided. … [¶]

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

3. Attorneys' fees: $68,475 (as of filing, or such amount deemed reasonable by the Court) (Declaration of Aimée Scala, Esq.)

4. Costs: $1,005 (Declaration of Aimée Scala, Esq.)

The Agreement provides for interest on overdue invoices and recovery of costs, including attorneys' fees, incurred in collection (Dkt. 1, Exhibit 1).

### CONCLUSION

Based on the foregoing, default judgment against Defendant SolarJuice American Inc. and in favor of Plaintiff SME Service LLC is proper and should be entered in the amounts requested in Plaintiff's Motion and Proposed Judgment.

Dated: Los Angeles, California

January 24, 2026

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

By: _Aimée Scala_

Aimée Scala (SBN 302944)
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Tel: (323) 208-9774

Email: aimee@mazzolalindstrom.com

*Attorneys for SME Service LLC, Plaintiff*

---

"As indicated above, the Defendants also argue that the five percent charge claimed as due by the Plaintiff on the seventeen past due installments is usurious and amounts to a penalty clause. They further argue that full disclosure of that provision should have been made to them, and impliedly suggest that the failure to do so is another reason for not allowing the Plaintiff to collect that charge. Unfortunately for the Defendants, this Court does not agree. First, no authority is cited for either proposition. Second, Defendant Sonmark cannot claim that the charge was usurious and expect relief **in that 6 *Del. C.* § 2306 specifically prohibits a corporation from interposing usury as a defense in any action**. (Emphasis added).